IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| United Construction & Supply, Inc., | ) ) **ORDER REGARDING BILL** |
| Plaintiff, | ) **OF COSTS** ) ) |
| vs. | ) Case No. 3:04-cv-101 ) |
| City of Kulm, North Dakota, | ) ) |
| Defendant. | ) |

Before this Court is Defendant's Motion for a Bill of Costs and Disbursements (doc. #53). Plaintiff opposes this motion and has filed a brief in response (doc. #56). Upon review of the pleadings and applicable caselaw, this Court finds an award of $6,037.43 to be appropriate.

Plaintiff filed suit seeking damages for alleged constitutional violations and for contractual noncompliance. Defendant filed a Motion for Summary Judgment. On September 1, 2006, this Court entered an Memorandum Opinion and Order granting Defendant's Motion for Summary Judgment on the civil rights claims, and dismissing, without prejudice, the remaining state claims. Defendant now seeks Clerk and U.S. Marshal fees, under 28 U.S.C. § 1920(1), for $167.50; court reporter fees, pursuant to 28 U.S.C. § 1920(2), in the amount of $5,824.67; attendance fees for witnesses, pursuant to 28 U.S.C. § 1920(b) totaling $2,348.25; and fees for exemplification and copies of necessary papers, under 28 U.S.C. § 1920(4), in the amount of $3,734.43. The sum total of these expenses is $12,074.85.

Plaintiff argues that an award of costs would be improper. United Construction's contention is based on the language of Local Rule 54.1, which states that a motion for costs can be made "[within] twenty (20) days after the notice of entry of a judgment allowing costs . . . ."  Because the Court's order did not specifically award costs in the text of the Memorandum Opinion and Order, Plaintiff contends that costs may not now be granted.  Rule 54(d)(1) of the Federal Rules of Civil Procedure, however, provides in relevant part:

> (1) *Costs Other Than Attorneys' Fees*.  Except when express provision is made in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

The language of the above rule treats the imposition of costs as presumptively allowed, save for the Court expressly forbidding recovery of costs.  Rule 54(d)(1) further comports with Defendant's interpretation of Local Rule 54.1, which reads "a judgment allowing costs" as merely one that does not expressly forbid such.  An award of costs is permitted.

Having found that costs may be awarded, the next question is whether the costs should be imposed.  "The decision to award costs to a prevailing party is committed to the discretion of the District Court."  <u>Arthur Young & Co. v. Reeves</u>, 937 F.2d 1310, 1339 (8th Cir. 1991) (citing <u>Boyd v. Ozark Air Lines, Inc.</u>, 568 F.2d 50, 55 (8th Cir. 1977)); Fed. R. Civ. P. 54(d).  Defendant should be compensated for the expenses incurred in defending itself from an

ultimately meritless claim.  Upon review of the provided Bill of Costs, the Court finds the total costs incurred by both parties as somewhat high, but still objectively reasonable.  Defendant, however, was only the "prevailing party" on the Section 1981 and 1985 claims, as the remaining state claims were dismissed without prejudice.  The Court therefore finds the award of half of the $12,074.85 figure, or $6,037.43, to be a just and equitable amount.

The Clerk of Court **IS HEREBY ORDERED** to amend the Judgment filed in this case on September 12, 2006, (doc. #52) to reflect the taxation of costs in the amount of $6,037.43.

**IT IS SO ORDERED**.

Dated this 6th day of December, 2006.

RODNEY S. WEBB, District Judge
United States District Court